**COSTELLO & MAINS, LLC**
By:  Deborah L. Mains, Esquire
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| JOSE SANTIAGO, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| MAYWOOD CENTER FOR HEALTH AND REHABILITATION, LLC and JOHN DOES 1-5 AND 6-10, | : | DOCKET NO: |
| | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Jose Sanitago ("Plaintiff"), by way of Complaint against the Defendant, says:

### Preliminary Statement

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because Defendant is a resident of the District of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

1

## Identification of Parties

1. Plaintiff Jose Santiago resides at 275 Verona Avenue, Newark, New Jersey 07104.

2. Defendant Maywood Center for Health and Rehabilitation, LLC ("Maywood") is a domestic limited liability company that provides short-term rehabilitative care and long-term skilled nursing care, maintaining a principle place of business at 100 West Magnolia Avenue, Maywood, New Jersey 07607.

3. Maywood is an employer within the meaning of 29 U.S.C. Sec. 203 and within the meaning of the NJWHL, having gross income in excess of $500,000.00 per year.

4. Maywood provides medical care or nursing care for residents of the State of New Jersey.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

## General Allegations

6. Plaintiff was employed by Defendants from October 29, 2018 through on or about July 3, 2019.

7. Plaintiff's separation from employment is not at issue in this matter.

8. From October 29, 2018 through July 3, 2019, Plaintiff was employed as a Human Resources Assistant.

9. As a Human Resources Assistant, Plaintiff's job duties and responsibilities included, but were not limited to: processing payroll, answering employees' questions on payroll, preparing timecards, stuffing envelopes and distributing weekly paychecks, day to day

paperwork relating to the Human Resources function, administering and preparing all reports and logs relating to benefits administration, assigning orientation to non-supervisory personnel, and ensuring personnel files were in compliance with regulations and that the medical records were separate from the personnel files.

10. Plaintiff was compensated on a salary basis, earning $57,000.00 per year at the start of his employment.

11. Plaintiff regularly worked in excess of forty (40) hours per week.

12. Without records in the possession and control of Defendant, Plaintiff cannot plead with specificity the number of hours worked each week during the course of his employment.

13. Plaintiff's job duties did not fall within any exemption to the overtime requirements of the FLSA or NJWHL.

14. Defendant failed to pay Plaintiff overtime compensation for any hours worked in excess of forty (40) hours per week.

## COUNT I

## **FLSA Violation**

15. Plaintiff hereby repeats and realleges paragraphs 1 through 14, as though fully set forth herein.

16. Plaintiff, during the course of his employment as a Human Resource Assistant, regularly worked more than forty (40) hours in a work week.

17. Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) in a work week.

18. Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

19. Said violations have been willful within the meaning of 29 U.S.C. Sec. 255(a).

20. Plaintiff has suffered, is now suffering and will continue to suffer monetary damages as a result of Defendant's acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a Judgment;

(a) Declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) Directing Defendant to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) Granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

21. Plaintiff hereby repeats and realleges paragraphs 1 through 20, as though fully set forth herein.

22. Plaintiff, during the course of his employment as a Human Resource Assistant, regularly worked more than forty (40) hours in a work week.

23. Defendant failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) in a work week.

24. Defendant, by the above acts, has violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4.

25. Plaintiff is now suffering and will continue to suffer monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
Deborah L. Mains

Date: February 11, 2020

**DEMAND TO PRESERVE EVIDENCE**

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                                            **COSTELLO & MAINS, LLC**

                                            By: **/s/ Deborah L. Mains**
                                                  **Deborah L. Mains**

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
    **Deborah L. Mains**

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/ Deborah L. Mains**
    **Deborah L. Mains**